UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LEGORGY DAVIS** | **CIVIL ACTION NO. 12-2713-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Legorgy Davis ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on October 15, 2012. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. He names Warden Burl Cain as respondent.

Petitioner was convicted of one count of second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel at trial and on collateral attack, (2) he was denied a fair trial, (3) the evidence was insufficient to support his conviction, and (4) he has newly discovered evidence.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

**Statutory Tolling**

Petitioner was convicted on August 13, 2004 and sentenced on December 20, 2004. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on October 26, 2005. State v. Davis, 40,382-KA, (La. App. 2 Cir. 10/26/05). The Supreme Court of Louisiana denied writs of review on April 17, 2006. State v. Davis, 2005-K-2419, (La. 4/17/06). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after April 17, 2006 on July 16, 2006.

The federal petition currently before the court was filed in this court on October 15, 2012 and signed by Petitioner on October 12, 2012. Since the federal clock began ticking on July 16, 2006 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before July 16, 2007. This petition was not filed until October 2012, more than five years too late.

In addition, the post-conviction proceedings initiated by Petitioner in April 2008 and August 2013, do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief in October 2012 and September 2014. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the applications for post-conviction relief until April 2008 and August 2013, after the limitation period had already expired in July 2007.

Petitioner argues that his federal petition is timely because of newly discovered evidence. He claims the newly discovered evidence is the name of an eyewitness to the murder. The court will construe Petitioner's claim of newly discovered evidence as an argument that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D). This claim is without merit. This subsection permits the determination of the limitations period from " ... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's claim is the name of another eyewitness to the murder.

Petitioner was aware at his trial in 2004 that there was another eyewitness to the murder [Doc. 12-2, p. 48]. He claims that in March 2013, he learned the name of the witness. As provided by the statute, Petitioner may have the limitations period calculated not from the date the "new" fact was discovered, but rather the date upon which the "new" fact "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period the factual predicate of his claim since he knew in 2004 that there was another eyewitness. Furthermore, the affidavit of the witness does not provide any new fact sufficient to establish an exception to the federal one-year time limit [Doc. 12-2, p. 54]. Thus, Petitioner cannot rely upon the provisions of 28 U.S.C. § 2244(d)(1)(D).

Petitioner may rely upon tolling as provided in Section 2244(d)(1)(B), (C), or (D). Thus, statutory tolling does not apply in this matter and this case is time barred.

**Equitable Tolling**

Petitioner argues that the federal one-year limitation period should be equitably tolled. He claims that his retained counsel provided him with ineffective assistance of counsel during his post-conviction relief proceedings. He claims his counsel filed his application for post-conviction relief after his federal limitation period had expired. This claim is without merit

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional

circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

"[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." United States v. Petty, 530 F.3d 361, 366 (5th Cir.2008). Thus, petitioner's ineffective assistance of counsel claim does not justify equitable tolling.

Furthermore, Petitioner has not presented the kind of extraordinary circumstances that would warrant tolling, and he has not shown that he acted with reasonable diligence. Petitioner could have filed a pro se application for post-conviction relief. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such serious convictions and lengthy sentences at issue. The Fifth Circuit has not hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. Manning v. Epps, 688 F.3d 177, 2012 WL 2899353 (5th Cir.2012). The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his

counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079 (2007). Petitioner has not presented facts nearly so egregious as found in those cases.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 10th day of July 2015.

Mark L. Hornsby
U.S. Magistrate Judge