# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| LEGORGY DAVIS | CIVIL ACTION NO. 12-2713-P |
|---|---|
| VERSUS | JUDGE FOOTE |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is Petitioner's "Motion for Relief from Judgment and Order Pursuant to Federal Rules of Civil Procedure; Rule 60(b)(6)." [Record Document 29]. Petitioner filed a habeas corpus petition in 2012. [Record Document 1]. The Magistrate Judge recommended that the petition be denied as time-barred by AEDPA, and Petitioner objected. [Record Documents 15 and 20]. The Court adopted the Report and Recommendations and denied Plaintiff's petition as time-barred. [Record Document 21]. Both this Court and the Fifth Circuit Court of Appeals denied a certificate of appealability. [Record Documents 21 and 28].

Petitioner has moved for relief from judgment for "any other reason that justifies relief." [Record Document 29 at 1]; Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and "show extraordinary circumstances justifying the reopening of a final judgment," *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). As Petitioner's motion offers no new evidence or arguments, Petitioner has failed to meet his burden of showing the extraordinary circumstances necessary to grant relief from judgment. Therefore, Petitioner's Motion for Relief from Judgment is **DENIED**.

The Magistrate, this Court, and the Court of Appeals have already explained that Petitioner's

1

claims are time-barred. [Record Documents 15, 21, 28]. AEDPA imposes a one-year statute of limitations that is tolled during the pendency of state post-conviction relief proceedings. 28 U.S.C. § 2244(d)(2) (2012). Although his conviction became final on July 16, 2006, Petitioner did not file his state post-conviction relief application until April 2008. Because state court proceedings did not commence until after the federal statute of limitations had already expired, Petitioner is not entitled to statutory tolling.

Petitioner also argues that his limitation period began when he discovered the identity of a new witness in March 2013. AEDPA provides that the limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Although in its judgment the Court declined to find the specific date on which Petitioner could, with the exercise of due diligence, have discovered this witness's identity, the Court found that "Petitioner failed to meet his burden to justify the application of 28 U.S.C. § 2244(d)(1)(D) to make his application timely." [Record Document 21 at 1]. As Petitioner has presented no new evidence that would explain his failure to discover this witness's identity for over eight years despite knowing of the witness's existence at the time of his trial in 2004, the Court declines to disturb its earlier finding that § 2244(d)(1)(D) does not apply.

Alternatively, Petitioner requests equitable tolling because his failure to timely file his habeas petition was caused by the unprofessional conduct of his post-conviction attorney who timely filed Petitioner's state post-conviction relief application, but only did so after the statute of limitations for federal habeas relief had expired. [Record Document 29 at 5–8]. To be entitled to equitable tolling, Petitioner must show that he has pursued his rights diligently and that some "extraordinary circumstance" prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace*

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court does not determine whether Petitioner's repeated letters reminding his post-conviction attorney that the federal statute of limitations was running constitute due diligence. [Record Document 29-1 at 13, 17, 19]. This determination is unnecessary because Petitioner has not shown an extraordinary circumstance that prevented timely filing. Petitioner's complaint about his attorney's conduct was dismissed by the Louisiana Office of Disciplinary Counsel; the Louisiana Attorney Disciplinary Board subsequently affirmed that decision, and the Louisiana Supreme Court denied leave to appeal the matter. [Record Document 17-2 at 13–15, 17-4 at 70–74]. Although Petitioner's attorney was indeed suspended from the practice of law by the Louisiana Supreme Court in 2011, he was suspended for violations related to other clients. *In re Gold*, 2010-2450 (La. 3/15/11); 59 So. 3d 396. Moreover, even if Petitioner's post-conviction attorney had engaged in unprofessional conduct, "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)).[1] Nothing prevented Petitioner from filing his own habeas petition, and Petitioner's own exhibits indicate his awareness as early as December 2006 of the existence of a time bar for federal habeas relief. [Record Documents 29 at 5 and 29-1 at 13]. Therefore, Petitioner is not entitled to equitable tolling.

Finally, Petitioner argues that the actual innocence exception applies and excuses his failure

---

[1] Although Petitioner cites *United States v. Wynn* for the proposition that attorney misconduct may constitute an "extraordinary circumstance" justifying equitable tolling, in that case the attorney actively deceived the petitioner by falsely stating that the attorney had filed a habeas petition on the petitioner's behalf. 292 F.3d 226, 230 (5th Cir. 2002). Here, Petitioner does not identify conduct by his attorney that rises to the level of an extraordinary circumstance. Although Petitioner claims that he was "actively misled by hired counsel . . . as to the one year time limitations period," he does not describe any specific misrepresentation made by his post-conviction attorney. [Record Document 29 at 7].

to timely file his habeas petition. [Record Document 29 at 8–12]. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when the statute of limitations applicable to a habeas claim has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, to avail himself of this exception, Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To support his claim of actual innocence, Petitioner relies upon the affidavit of a witness whose identity Petitioner claims to have discovered only in 2013. [Record Document 29 at 3]. The entire substantive portion of the affidavit is as follows:

> I, Donald Drake, would have testified under oath the Caddo Parish Courthouse if counsel are the District Attorney had subpoena me, I had desired to appear voluntarily, but I had a problem remembering the name of the police office I had talked to the night at the scene - I do have knowledge and information that could more probable than not have changed the whole out come of the rial, since I's an eye witness with the knowledge of what actually taken place that night. [sic]

[Record Document 17-2 at 54]. This vague and conclusory statement does not meet Petitioner's burden to demonstrate actual innocence sufficient to overcome AEDPA's one-year statute of limitations. *Cf. Evans v. McCotter*, 805 F.2d 1210, 1214 (5th Cir. 1986) (holding that a "general and conclusory" affidavit does not create a fact question).

In light of the foregoing, Petitioner's motion [Record Document 29] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of _____, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE